IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

FILED
HARRISBURG, PA

MAY 28 2015

| | |
|---|---|
| 7-ELEVEN, INC., <br> a Texas corporation, <br><br> Plaintiff, <br><br> v. <br><br> SUPER 7 FOOD MART, LLC, <br> a Pennsylvania corporation, <br><br> and <br><br> ASFAND KHAN, <br> an individual, <br><br> Defendants. | Civil Action No. 1:15-cv-1038 <br> Judge Jones |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

1. Plaintiff, 7-Eleven, Inc. ("7-Eleven"), a Texas corporation, is doing business nationally, including in the Commonwealth of Pennsylvania, and has its principal place of business at One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas, 75201.

2. Defendant, Super 7 Food Mart, LLC is a Pennsylvania corporation, with its principal place of business at 11 North Main Street, York New Salem, PA 17371, and is doing business there as SUPER-7.

3. Defendant, Asfand Khan, an individual, upon information and belief, is not a citizen of Texas, and is a controlling principal of Super 7 Food Mart, LLC (Super 7 Food Mart, LLC and Asfand Khan collectively "Defendants".)

4. This Court has subject matter jurisdiction by virtue of the following facts: (1) this is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051-127, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (2) this is a civil action in which Plaintiff and Defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a). This Court has jurisdiction over all related claims herein in accordance with 28 U.S.C. §§ 1338(b), 1367.

5. Venue is proper in the Middle District of Pennsylvania, Harrisburg Division, in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to these claims have occurred in this judicial district and division.

6. Since long before the acts of Defendants complained of herein, 7-Eleven has been engaged in the business of, *inter alia*, offering convenience store services and products, either directly or through its licensees (collectively, "7-Eleven"), to the general public at various locations throughout the United States.

7. Since at least as early as 1946, long before the acts of Defendants complained of, 7-Eleven has provided its convenience store services under the name and mark 7-ELEVEN.

8. 7-Eleven uses a number of displays of its distinctive 7-ELEVEN name and mark at its convenience stores. Since long prior to the acts of the Defendants complained of herein, a frequent display of 7-Eleven's 7-ELEVEN name and mark has been a multicolored logo displayed, among other places, on signage for its convenience stores. A common display of such logo features a prominent Arabic numeral "7" displayed predominately in the color red with a curved vertical shank intersected by a six-letter word displayed in contrasting block letters, with

the aforesaid displayed within a white quadrilateral, which tapers at the bottom and a surrounding border of contrasting color ("7-ELEVEN Logo"), as depicted below:



9. There are currently over 7,000 convenience stores throughout the United States operated by 7-Eleven under 7-Eleven's 7-ELEVEN name and mark, many of which use the 7-ELEVEN Logo (7-Eleven's 7-ELEVEN name and mark and 7-ELEVEN Logo are referred to collectively as "the 7-Eleven Trade Identities").

10. Since long before the acts of the Defendants complained of, 7-Eleven annually has sold nationally billions of dollars of products and services in the 7-ELEVEN stores under the 7-Eleven Trade Identities and annually has spent millions of dollars to advertise and promote those products and services under the 7-Eleven Trade Identities.

11. By virtue of 7-Eleven's extensive and ongoing use, advertising, and promotion, and long before the acts of the Defendants complained of, each of the 7-Eleven Trade Identities has become well known among consumers, and acquired a strong secondary meaning signifying 7-Eleven, and each of the 7-ELEVEN name, mark, and logo are now famous.

12. The use of each of the 7-Eleven Trade Identities substantially increases the value of 7-Eleven's 7-ELEVEN stores and the salability of the goods and services sold through them.

13. 7-Eleven has registered its 7-ELEVEN mark in the United States Patent and Trademark Office, including the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-ELEVEN logo] | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| [7-ELEVEN logo] | 920,897 | 09/21/1971 | Retail grocery store services |
| [7-ELEVEN logo] | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| [7-ELEVEN logo] | 1,035,454 | 03/09/1976 | Sandwiches |
| [7-ELEVEN logo] | 1,288,594 | 08/07/1984 | Gasoline |
| [7-ELEVEN logo] | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |

4

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-ELEVEN logo] | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| [7-ELEVEN logo] | 2,751,552 | 08/19/2003 | Clothing, namely caps |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts |
| [7-ELEVEN logo] | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |
| [7-ELEVEN striped logo] | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| [7-ELEVEN striped logo] | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

These registrations are valid, subsisting, and owned by 7-Eleven, and registration numbers 718,016, 896,654, 920,897, 961,594, 1,035,454, 1,288,594, 1,402,425, 1,702,010, 2,152,472, 2,642,740, 2,685,684, 2,834,419, and 2,914,788, and 3,338,512 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, are conclusive evidence of the

validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with identified goods and services.

14. Long subsequent to the acquisition of fame and secondary meaning of each of 7-Eleven's 7-Eleven Trade Identities, Defendants commenced simulating each of the 7-Eleven Trade Identities by adopting and using the name and mark SUPER-7 and displaying the SUPER-7 name and mark at Defendants' York, PA store using a multicolored logo comprising a prominent Arabic numeral "7" displayed in the color red with a curved vertical shank intersected by a five-letter word displayed in contrasting block letters, with the aforesaid displayed within a white quadrilateral, which tapers at the bottom and a surrounding border of contrasting color ("SUPER 7 logo"), as depicted below:



15. Upon information and belief, Defendants intentionally adopted the SUPER-7 name, mark, and logo for convenience store services to trade upon the fame and goodwill represented by 7-Eleven's aforesaid 7-ELEVEN name, mark, and logo.

16. Defendants' unauthorized use of each of the SUPER-7 name, mark, and logo deceptively represents that Defendants' convenience store goods and services emanate from

7-Eleven, or are connected with, or sponsored, or approved by 7-Eleven, and Defendants' use of each is likely to cause confusion with 7-Eleven's use of each of 7-Eleven's 7-Eleven Trade Identities, or otherwise to cause deception or mistake as to the source, sponsorship, or approval of Defendants' convenience store services and products.

17. Defendants' unauthorized uses of Defendants' SUPER-7 name, mark, and logo infringe each of 7-Eleven's marks 7-ELEVEN and 7-ELEVEN Logo, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

18. Defendants' use of each of the SUPER-7 name, mark, and logo is greatly and irreparably damaging to 7-Eleven and will continue to damage 7-Eleven unless and until enjoined by this Court; wherefore, 7-Eleven is without adequate remedy at law.

## COUNT II: FEDERAL UNFAIR COMPETITION

19. 7-Eleven realleges and incorporates by reference the allegations contained in paragraphs 1 through 12, 14 through 16, and 18 of this Complaint.

20. Defendants' unauthorized use of each of Defendants' SUPER-7 name, mark, and logo constitutes one or more misleading uses of a word, term, name, trade dress, symbol or device, or a combination thereof, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III: PENNSYLVANIA COMMON LAW UNFAIR COMPETITION

21. 7-Eleven realleges and incorporates by reference the allegations contained in paragraphs 1 through 12, 14 through 16, and 18 of this Complaint.

22. Defendants' acts of adopting the SUPER-7 name, mark, and logo for convenience store services were, upon information and belief, done with an intent to knowingly copy the

7-ELEVEN name, mark, and logo, and capitalize on the goodwill 7-Eleven has established in its aforesaid trade identities.

23. The aforesaid unauthorized use of each of Defendants' SUPER-7 name, mark, and logo constitutes unfair competition under the common law of the Commonwealth of Pennsylvania.

24. Defendants' unauthorized use of each of the SUPER-7 name, mark, and logo and constitutes outrageous conduct because of Defendants' reckless indifference to the rights of 7-Eleven.

### COUNT IV: FEDERAL TRADEMARK DILUTION

25. 7-Eleven realleges and incorporates by reference the allegations contained in paragraphs 1 through 12, 14 through 16, and 18 of this Complaint.

26. Since long before the acts of the Defendants complained of, each of 7-Eleven's 7-ELEVEN mark and 7-ELEVEN Logo became famous within the meaning of the Lanham Act, 15 U.S.C. § 1125(c)(2).

27. Defendants' unauthorized use of each of Defendants' SUPER-7 name, mark and logo dilutes the distinctiveness of 7-Eleven's 7-ELEVEN mark and 7-ELEVEN logo, in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

### COUNT V: PENNSYLVANIA TRADEMARK DILUTION

28. 7-Eleven realleges and incorporates by reference the allegations contained in paragraphs 1 through 12, 14 through 16, and 18 of this Complaint.

29. Since long before the acts of Defendants complained of, each of 7-Eleven's 7-ELEVEN mark and 7-ELEVEN logo became distinctive and famous in the Commonwealth of

Pennsylvania within the meaning of Pennsylvania's trademark dilution statute, 54 PA. CONS. STAT. § 1124.

30. The aforesaid unauthorized use of each of Defendants' SUPER-7 name, mark, and logo dilutes the distinctiveness of the 7-ELEVEN mark and 7-ELEVEN logo in violation of Pennsylvania's trademark dilution statute, 54 PA. CONS. STAT. § 1124.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, 7-Eleven, Inc., prays for judgment against each of defendants, Asfand Khan and Super 7 Food Mart, LLC, that:

1. Defendant Super 7 Food Mart, LLC, and each of its directors and officers, including defendant Asfand Khan, and each of their respective partners, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, be permanently enjoined from:

    a. using the SUPER-7 name, mark, or logo, or any other name, mark, or logo, consisting, in whole or in part, of the numerals "7" or "11" or the words "seven" or "eleven," for convenience stores or related products or services;

    b. using any other name, mark, or logo which consists, in whole or in part, of a numeral or written out number, followed by another numeral or written out number, for convenience stores or related products or services;

    c. using any other name, mark, or logo which uses as a prominent element thereof any numeral, design, or other graphic intersected by another numeral or a word, design or other graphic, for convenience store or related services or products;

    d.    using any other name, mark, or logo displayed in any color combination which includes more than one of the colors red, orange, green, or white, for convenience store or other related products or services.

    e.    using any other name, mark, or logo that is a reproduction, counterfeit, copy, or colorable imitation of any of the 7-Eleven Trade Identities (namely the 7-ELEVEN name and mark and 7-ELEVEN Logo) for convenience store or related services or products;

    f.    doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, their services, or products emanate from 7-Eleven or are connected with, or sponsored by, or approved by 7-Eleven;

    g.    doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's 7-ELEVEN name, mark, or logo; and

    h.    aiding or assisting any person engaging in any of the acts prohibited by sub-sections (a) through (g) above.

2.    Defendants Asfand Khan and Super 7 Food Mart, LLC, be required, jointly and severally, to pay to 7-Eleven the following:

    a.    In accordance with 15 U.S.C. § 1117(a), three times such damages as 7-Eleven has suffered as a result of Defendants' acts of infringement, unfair competition, and dilution, three times all profits wrongfully derived by Defendants from such acts, and 7-Eleven's costs, including reasonable attorneys' fees;

    b.    in accordance with 54 Pa. Cons. Stat. § 1125, three times such damages suffered by 7-Eleven on account of Defendants' trademark dilution, including reasonable attorney's fees; and

  c. in accordance with the common law of the Commonwealth of Pennsylvania, an accounting of profits as a result of Defendants' acts of unfair competition, and punitive damages in a sum sufficient to deter future acts of unfair competition.

3. Defendants, Asfand Khan and Super 7 Food Mart, LLC, be required, in accordance with 15 U.S.C. § 1118, to deliver to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in his possession bearing the name or mark SUPER-7 or any other name, mark, or logo comprising, in whole or in part, SUPER-7, or any other reproduction, counterfeit copy, or colorable imitation of 7-Eleven's 7-ELEVEN name and mark, 7-ELEVEN logo, and all plates, models, matrices, and other means of making same.

4. 7-Eleven have such other and further relief as the Court deems just and equitable.

Dated: May 28, 2015         Respectfully Submitted,

                  */s/ Harvey Freedenberg*
                  _____
                  Harvey Freedenberg (PA Bar No. 23152)
                  hfreedenberg@mwn.com
                  **McNees Wallace & Nurick LLC**
                  100 Pine Street
                  Harrisburg, Pennsylvania 17101

                  Telephone: (717) 237-5267
                  Facsimile: (717) 260-1693

                  *Attorneys for Plaintiff,*
                  *7-Eleven, Inc.*

OF COUNSEL:

Charles R. Mandly, Jr. (*Pro Hac Vice Anticipated*)
cmandly@foley.com
R. Spencer Montei (*Pro Hac Vice Anticipated*)
rmontei@foley.com

**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 2800
Chicago, Illinois 60654

Telephone: (312) 832-4500
Facsimile: (312) 832-4700